IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWN AMMONS,

    Plaintiff,

v.                                                    CV 18-1212 JHR

ANDREW SAUL,
Commissioner of Social Security,[1]

    Defendant.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Shawn Ammons' Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support [Doc. 25].[2] Also before the Court is Mr. Ammons' Motion for Order Authorizing Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum [Doc. 30].[3] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b) the parties have consented to the undersigned Magistrate Judge conducting dispositive proceedings in this Social Security appeal. [Docs. 4, 6, 7]. For the reasons stated below, the Court **grants** both Motions.

---

[1] Andrew Saul was automatically substituted as the Defendant in this action pursuant to Fed. R. Civ. P. 25(d) when he was sworn in as the Commissioner of Social Security on June 17, 2019, replacing former Acting Commissioner Nancy Berryhill.

[2] Mr. Ammons filed an Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act on June 17, 2020. [Doc. 25]. The Commissioner filed a response on June 26, 2020, [Doc. 26], and supplemental authority on June 29, 2020. [Doc. 27]. Ammons filed a reply on July 10, 2020, completing the briefing. [Docs. 28, 29].

[3] Mr. Ammons filed a Motion for Order Authorizing Attorney Fees pursuant to 42 U.S.C. § 406(B) [sic] on April 19, 2021. [Doc. 30]. The Commissioner filed a response on April 22, 2021, taking no position on the merits but noting the record and the law regarding the relationship of 406(b) fees to EAJA fees, completing the briefing. [Docs. 31, 32].

## I.  BACKGROUND

Mr. Ammons sought judicial review after administrative denial of his claim for disability benefits.[4] On March 23, 2020, U.S. Magistrate Judge Jerry H. Ritter, presiding by consent, issued a *Memorandum Opinion and Order* granting Mr. Ammons' motion for remand. [Doc. 23]. The Court reasoned that "(1) two of the jobs relied on by the ALJ to deny [Mr. Ammons] benefits are inconsistent with his [residual functional capacity (RFC)], leaving an insufficient number of jobs (5,600) to meet the Commissioner's burden at Step Five under Tenth Circuit law; and, (2) even if these conflicts were ignored, the original number of jobs the ALJ identified (56,600) is not "significant" as a matter of law, meaning that she was required to examine Mr. Ammons' ability to access those jobs under *Trimiar*[ v. Sullivan, 966 F.2d 1326 (10th Cir. 1992)]." [Doc. 23, p. 2]. Mr. Ammons' request that the Court immediately award benefits was denied in the Court's discretion because of the need for additional fact-finding. [Doc. 23, pp. 17-18]. Mr. Ammons' pending Motion for Fees pursuant to the Equal Access to Justice Act ("EAJA"), was filed June 17, 2020, and was fully briefed on July 10, 2020. [Docs. 25, 26, 27, 28, 29]. He seeks a total of $6,273.00 in attorney fees for 30.6 hours of work and $255.00 in paralegal fees for 3 hours of work. [Doc. 25, p. 2].

On remand to the Administration Mr. Ammons, through counsel, obtained a fully favorable decision. [*See* Doc. 30-1, pp. 1-20]. In keeping with standard practice, the Administration withheld twenty-five percent ($21,710.00) of those benefits in the event that Mr. Ammons' counsel would elect to bring a claim for attorney fees pursuant to their retainer agreement. [Doc. 30-1, p. 22]. Counsel now seeks authorization from this Court for an award of compensation for legal services in an amount ($15, 710.00) significantly less than withheld. [Doc. 30, p. 1].

---

[4] The procedural history of the case leading up to the order of remand is contained in the *Memorandum Opinion and Order*, [Doc. 23, pp. 2-6].

## II.     LEGAL STANDARDS UNDER EAJA

"Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States is not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Ammons prevailed before this Court, satisfying the first factor. *See Hackett*, 475 F.3d at 1168.

The second factor assesses the position of the government throughout the process. The Commissioner bears the burden to establish that his position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir.1992), *cert. denied sub nom. Shalala v. Gutierrez*, 509 U.S. 933 (1993)). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's 'position can be justified even though it is not correct'", *id.* (quoting *Pierce*, 487 U.S. at 566 n.2); otherwise "substantially justified" would be no different from "prevailing." A determination of whether the Commissioner's decision was substantially justified is reviewed for abuse of discretion. *Id.* at 1172; *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

The "position of the United States" as defined by EAJA means not only the position taken on judicial review but also "the action or failure to act by the agency upon which the civil action is based." *Hackett*, 475 F.3d at 1172 (quoting 28 U.S.C. § 2412(d)(2)(D)). Thus, "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

### III.     LEGAL STANDARDS UNDER 42 U.S.C. § 406(B)

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent (25%) of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id.* The court may award fees under Section 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although Section 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than twenty-five percent (25%) of the past-due benefits because there is no presumption that twenty-five percent (25%) is reasonable. *Id.* at 807 n. 17. For this reason, the Commissioner "generally takes no position on such petitions." [*See* Doc. 31, p. 2]. The claimant's attorney has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved" and assesses: (1) whether the attorney's representation was substandard, (2) whether the attorney was responsible for any delay in resolution of the case, and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spend on the case. *Id.* at 808.

A court may require the claimant's attorney to submit a record of the hours spend representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.*

The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## IV.  ISSUES

1. Has the Commissioner demonstrated that his position was "substantially justified," reasonable in both law and fact, both before this Court and before the Administration, precluding an award of EAJA fees to Ammons who prevailed in this administrative appeal?

2. Are there special circumstances present that would make an award of EAJA fees unjust?

3. Should Ammons be awarded fees under 42 U.S.C. § 406(b)?

## V.  EAJA ANALYSIS

A fee award is required if the Commissioner's position, both before the Administration or before the Court, was not substantially justified and no special circumstances exist. To be substantially justified the position taken must be reasonable in law and fact. *Gilbert*, 45 F.3d at 1394.

Here, the Commissioner's administrative law judge ("ALJ") failed to resolve a conflict between the DOT GED reasoning levels of two jobs identified by the vocational expert resulting in only 5,600 national jobs within Mr. Ammons' RFC. This Court determined that the Tenth Circuit decision in *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), "states a categorical rule which is directly applicable here": a restriction to simple work is inconsistent with GED level 3 reasoning. The ALJ failed to recognize or apply this clearly established law. This was not the

ALJ's only error of law: the ALJ also failed to comply with the mandate of *Trimiar v. Sullivan*, 866 F.2d 1326 (10th Cir. 1992), to consider whether Mr. Ammons could access the jobs available to him. The Court held the jobs available to Mr. Ammons after excluding those that were beyond his RFC did not exist in "significant numbers" as a matter of law because there is no precedent establishing a bright-line number and only 5,600 jobs remained available to Mr. Ammons. The government's action before was both legally and factually flawed considering *Hackett* and *Trimiar*. Failure to apply relevant circuit law cannot equate to substantial justification.

Finally, the Commissioner fails to cite any circumstance that makes an award of fees unjust in this case. Mr. Ammons prevailed before on judicial review and on remand before the Administration. Therefore, EAJA fees must be granted because Mr. Ammons prevailed, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award of fees unjust.

## VI. SECTION 406(B) ANALYSIS

Turning to Mr. Ammons' request for Section 406(b) fees, the Court has independently reviewed Ammons' Motion, and agrees that it should be granted. In this case, the Court finds that Ammons' legal representation was more than adequate, and he obtained a fully favorable decision. Counsel did not delay the proceedings before this Court. The instant Motion was filed within a reasonable time after Mr. Ammons received notice of entitlement to past-due benefits. The Court further finds that the requested fees are significantly below the twenty-five percent (25%) permitted by the retainer agreement and proportionate given the amount of time (33.6 hours) spent on this case and the amount of time spent on a precursor case, CV 17-0094 CG (27.67 hours), for 61.27 hours total or an hourly rate of $256.40. The requested attorney fees would therefore be in line with other fee awards authorized in this District under Section 406(b). *See, e.g.*, *Marquez v.*

*Astrue*, CIV 10-1165 CG (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Saiz v. Berryhill*, CIV 15-0305 KRS (awarding $14,112.00 for 32.9 hours, or $428.94 per hour). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

## VII.  CONCLUSION AND ORDER

The Commissioner has not shown that the government's actions were reasonable as a matter of law and fact, eventually Mr. Ammons prevailed, and no special circumstances exist which would make an award of fees unjust; therefore, the Court awards Mr. Ammons **$6,273.00 in EAJA attorney fees and $255.00 in EAJA paralegal fees**. Furthermore, the Court awards Mr. Ammons **$15,710.00 in Section 406(b) fees**. As the Commissioner notes, Mr. Ammons' counsel must refund the lesser award to Mr. Ammons.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE
*Presiding by Consent*